CONSOLIDATED TEXTILE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15983. Promulgated April 24, 1929.

*C. E. Koss, Esq., J. C. Peacock, Esq.,* and *John W. Townsend, Esq.,* for the petitioner.
*F. R. Shearer, Esq.,* and *E. L. Corbin, Esq.,* for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income and profits taxes for the calendar year 1918 in the amount of $84,897, determined by the respondent against the Lynchburg Cotton Mill Co. The deficiency notice, mailed March 20, 1926, was addressed to "Lynchburg Cotton Mill Company, (Consolidated Textile Corporation, Successor) 86 Worth Street, New York, New York."

The original petition was filed on May 14, 1926, and reads in part material here, as follows:

CONSOLIDATED TEXTILE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

The above-named petitioner hereby petitions for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency * * * dated March 20, 1926, and as a basis for its proceeding alleges as follows:

1. The petitioner is a New York corporation with principal office at 86 Worth Street, New York, N. Y.

2. The notice of deficiency * * * was mailed to the petitioner as successor to Lynchburg Cotton Mill Company on March 20, 1926.

3. The taxes in controversy are income and profits taxes of the Lynchburg Cotton Mill Company for the calendar year 1918 and for $84,897.

The original petition was verified by W. H. Wood as "the assistant treasurer of the petitioner," and the seal of the Consolidated Textile Corporation affixed.

Pursuant to leave first duly granted, an amended petition was filed on August 21, 1928, bearing the same caption, and paragraphs 1 and 3 of which are identically the same as in the original petition, except that in paragraph 1 of the amended petition it is alleged that

the petitioner is a Delaware corporation. Paragraph 2 of the amended petition reads as follows:

The notice of deficiency * * * was mailed on March 20, 1926, to "Lynchburg Cotton Mill Company, (Consolidated Textile Corporation, Successor) 86 Worth Street, New York, New York." The original petition herein was filed on May 14, 1926.

The amended petition was verified by Henry B. Stimson as "the secretary of the petitioner," and bears the seal of the Consolidated Textile Corporation.

The respondent duly filed his answer to the original petition on July 15, 1926, wherein he admitted the statements contained in paragraphs 1, 2, and 3 thereof. On September 24, 1928, the respondent filed his answer to the amended petition, in which he admitted the allegations of paragraphs 2 and 3, and admitted that the petitioner maintains an office at 86 Worth Street, New York, N. Y., but denied the remaining allegations of paragraph 1 of the amended petition.

The petitioner, Consolidated Textile Corporation, is a corporation organized September 27, 1919, under the laws of the State of Delaware. The taxpayer, Lynchburg Cotton Mill Co., was a corporation organized under the laws of the State of Virginia in 1888, and was legally dissolved on November 27, 1920. The petitioner, as the sole stockholder of the taxpayer, took over all the assets of the latter corporation prior to its dissolution, and thereafter discharged its remaining debts and obligations.

Three issues are affirmatively raised by the pleadings, namely, (1) whether the Board has jurisdiction to redetermine the deficiency in controversy; (2) whether assessment of the proposed deficiency is barred by limitations; and (3) whether the petitioner is entitled to special assessment of the profits tax under the provisions of sections 327 and 328 of the Revenue Act of 1918.

The petitioner alleges in its amended petition, and argues at length in its brief, that the Board is wholly without jurisdiction in the premises, whereas the respondent contends that we have jurisdiction to redetermine the deficiency.

The salient facts pertinent to the question of jurisdiction may be summarized as follows:

The deficiency is asserted against, and the deficiency letter was addressed to, the Lynchburg Cotton Mill Co., a dissolved Virginia corporation. The petitions, both original and amended, were filed by the Consolidated Textile Corporation, a Delaware corporation, which purports to act in its own right and not in a fiduciary capacity as the legal representative of the dissolved taxpayer corporation. The petitioner was not consolidated or merged with the taxpayer, but is a separate taxable entity, and prior to the dissolution of the

taxpayer was its sole stockholder. So far as the record discloses, no liability has been asserted against, and no deficiency notice mailed to, the petitioner corporation.

We have repeatedly held that we have no jurisdiction to redetermine the tax liability of a petitioner to whom no notice of deficiency has been sent. *Caughey-Jossman Co.*, 8 B. T. A. 201; *New York Talking Machine Co. et al.*, 13 B. T. A. 154; *American Creosoting Co.*, 12 B. T. A. 247.

The respondent argues in his brief that, because of the fact that the taxpayer corporation was dissolved in 1920 and at the date of the deficiency letter there was no one authorized under the laws of Virginia to act for and in behalf of such corporation, and since the petitioner was its sole stockholder and the only one having an interest in its affairs, it should be permitted to prosecute this proceeding. This argument is without weight. No liability whatever, so far as we are informed, has been asserted against this petitioner, and until it is moved against, it is not entitled to seek relief. In the event respondent should charge the petitioner with liability as a transferee of the assets of the taxpayer corporation, pursuant to the provisions of section 280 of the Revenue Act of 1926, as amended by the Revenue Act of 1928, the petitioner would then have the right to institute a proceeding before the Board to have its liability redetermined, and in such proceeding could raise any issue respecting the correctness of the deficiency determined by the respondent, as well as any issue respecting its liability as a transferee.

But the instant proceeding can not be maintained by the petitioner as a former stockholder of the dissolved taxpayer corporation. We have held that a proceeding instituted by a former stockholder does not give the Board jurisdiction to redetermine the deficiency asserted against the taxpayer corporation, even though the former stockholder is the only one in position to act, and has an interest. *Sanborn Brothers, Successors, etc.*, 14 B. T. A. 1059.

We have no jurisdiction in any case where the deficiency notice was not directed to, or the deficiency asserted against, the petitioner. *Bisso Ferry Co.*, 8 B. T. A. 1104; *Bond, Inc.*, 12 B. T. A. 339; *Weis & Lesh Manufacturing Co.*, 13 B. T. A. 144; *American Arch Co.*, 13 B. T. A. 552; *Phoenix National Bank*, 14 B. T. A. 115; *Engineers Oil Co.*, 14 B. T. A. 1148.

Reviewed by the Board.

*The proceeding will be dismissed for lack of jurisdiction.*

MILLIKEN concurs in the result.